WOYTEK et al. v. KING et al.  (No. 6156.)

(Court of Civil Appeals of Texas. Austin.
Feb. 18, 1920.)

1. JUDGMENT ⬅⮞143(15) — REFUSAL TO SET
ASIDE DEFAULT JUDGMENT UPON GROUND OF
DEFENDANT'S SICKNESS .NOT ERROR.

Where defendant, who was served with cita-
tion while ill, was sitting up dressed in his
street clothes at time of service, had a lengthy
conversation with officers serving the writ, and
had a very efficient business manager who called
at his room frequently during the period between
the service of citation and the call of the case,
and who could have attended to the matter of
having answer filed, court's refusal to set aside
default judgment on ground of sickness was not
error.

2. APPEAL AND ERROR ⬅⮞907(3)—FINDINGS
PRESUMED TO BE SUPPORTED BY EVIDENCE
IN ABSENCE OF STATEMENT OF FACTS.

In absence of statement of facts, appellate
court must presume that the evidence justified
the findings.

3. APPEAL AND ERROR ⬅⮞931(1) — COURT'S
CONCLUSION PRESUMED ESTABLISHED BY OTH-
ER COMPETENT TESTIMONY WHERE NOT DE-
DUCIBLE FROM FACTS SET FORTH IN FIND-
INGS.

If the conclusion of the trial court is not
properly deducible from the facts set forth in
his findings of facts, it will be presumed to
have been established by other competent tes-
timony given on the trial of the case.

4. APPEAL AND ERROR ⬅⮞1151(1)—JUDGMENT
INCLUDING INTEREST AT EXCESSIVE RATE NOT
REVERSIBLE ERROR SINCE JUDGMENT MAY BE
REFORMED.

Rendition of judgment, including interest at
a rate in excess of the statutory rate, is not
ground for reversal, but judgment should be
reformed and made to draw the statutory rate.

5. APPEAL AND ERROR ⬅⮞1073(2)—FILING OF
AFFIDAVIT THAT DEFENDANT WAS NOT EN-
GAGED IN MILITARY SERVICE BEFORE RENDI-
TION OF FINAL DEFAULT JUDGMENT HELD
COMPLIANCE WITH FEDERAL STATUTE.

Rendition of interlocutory default judgment
before filing of affidavit that defendant was not
engaged in military service of the United States
under U. S. Comp. St. 1918, Comp. St. Ann.
Supp. 1919, § 3078¼bb, was not reversible er-
ror, where court found that defendant had never
been in military service, and where the required
affidavit was filed before the rendition of final
judgment; such filing being a special compli-
ance with the statute.

6. SALES ⬅⮞181(11)—PRIMA FACIE SHOWING
OF DELIVERY IN GOOD CONDITION.

In seller's action for price of bottles, proof
that buyer had received bottles in good condi-
tion and had made no complaint that any of the
bottles were broken in transit within eight
months after delivery held to make a prima
facie case of delivery according to the con-
tract.

7. COSTS ⬅⮞234—TAXED AGAINST APPELLEES
ON REFORMATION OF JUDGMENT.

Where judgment is reformed on appeal so
as to draw the statutory rate of 6. per cent.
instead of 10 per cent. interest as rendered
by lower court, costs of appeal will be taxed
against appellees.

Appeal from McLennan County Court;
Jas. P. Alexander, Judge.

Suit by J. W. King and others against F.
H. Woytek and others. Judgment for plain-
tiffs, and defendants appeal. Affirmed as re-
formed.

W. L. Eason, of Waco, for appellants.
Jno. B. Atkinson, of Waco, for appellees.

BRADY, J. Appellees sued appellant upon
a written contract to recover the price of
certain beer bottles, shipped and delivered
by them to appellant. It was alleged that
the written contract had been modified by
parol, so that appellees might ship less than
a carload lot, and that such bottles should
be consigned to the Consumers' Beverage
Company, at New Orleans, La., with stop-over
privileges at Waco, Tex. The purpose of the
stop-over was to enable appellant to fill the
car with other bottles, for shipment to New
Orleans.

On appearance day, which was January 7,
1919, the appellant had filed no answer, and
an interlocutory judgment by default was
rendered against him. No military affidavit
had then been filed by appellees, and at the
time appellant was served with citation,
and until after appearance day, he was sick
with influenza. Appellant filed an answer
on January 9th, and on January 31st evi-
dence was heard on the writ of inquiry, and
final judgment rendered for appellees. On
this day, and prior to the taking of the final
judgment, appellees filed an affidavit, show-
ing that appellant was not in military serv-
ice, and was not on the 7th day of January.

[1] It is claimed that the trial court should
have set aside the default judgment, render-
ed January 7, 1919, because appellant was
sick in bed with influenza, and was uncon-
scious when the citation was served upon
him. The trial court found that when served
with citation, appellant was confined to his
room, but that he was sitting up, dressed in
his street clothes, and had a lengthy conver-
sation with the officer serving the writ; that
he had a very efficient business manager,
who called at his room frequently during the
period between the service of citation and
the call of the case, and who could have at-
tended to the matter of having answer filed.
His conclusion of law upon this point was
that the defendant did not exercise due dili-
gence in filing an answer, and that appellees
were entitled to judgment by default against
him. In this state of the record, we con-

⬅⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

clude that there was no error in overruling the motion to set aside the judgment by default.

[2, 3] The claim is also made that the trial court erred in not setting aside the judgment by default, because appellant showed a meritorious defense by his pleadings. The court found facts, not necessary to be here recited in detail, inconsistent with appellant's defense as pleaded in his answer. He further expressly concluded that appellant did not have a meritorious defense to appellee's cause of action. There is no statement of facts, and we must presume that the evidence justified these findings. Furthermore, if the conclusion of the trial court is not properly deducible from the facts set forth in his findings of fact, it will be presumed to have been established by other competent testimony given on the trial of the case. Jarrell v. Sproles, 20 Tex. Civ. App. 387, 49 S. W. 904. For these reasons, the first and second assignments are overruled.

[4] The third assignment of error complains of the action of the trial court in rendering judgment for interest at the rate of 10 per cent. per annum. Appellees concede that this assignment is well taken, but we agree with them that the error will not necessitate a reversal of the case, but that the judgment should be reformed and made to draw the statutory rate of 6 per cent.

[5] It is next claimed that the default judgment was improperly rendered, because appellees had not filed an affidavit, stating that appellant was not in the military service of the United States. In this connection, the trial court found that appellees did file such an affidavit on the 31st day of January, before the final judgment was rendered, and also expressly found that the defendant had never been in the military service of the United States. Appellant relies upon section 3078¼bb, art. 2, U. S. Compiled Statutes 1918, p. 418. We are of the opinion that there was a substantial compliance with the federal statute, and that no reversible error is shown in this particular, especially as the court found that the appellant was never in the military service, and no contention is here made that he was in such service. Therefore the assignments raising this question are overruled.

[6] The only remaining contention is that the court erred in rendering judgment for appellees, because appellant was only required to pay for such bottles as were delivered unbroken, and that the evidence does not show the number of unbroken bottles that were delivered to the consignee, but that the trial court erroneously concluded that all of the bottles were delivered in good condition, because no complaint had been made by the consignee as to breakage. We are of the opinion that the trial court's findings of

fact are conclusive upon this question. The finding was made that appellees loaded 918 dozen bottles in a car, f. o. b. McGregor, at McGregor, Tex., shipped them as directed, and delivered bill of lading to appellant; that appellant received the car of bottles at Waco, Tex., in good condition, opened the car, and completed filling it with bottles, and shipped it to New Orleans. He further found that, although over eight months had elapsed, no complaint had been made by either appellant or the consignee that any of the bottles were broken in transit. The court concluded that, in view of these facts, the bottles were delivered to defendant in good condition. We think the facts so found were sufficient to make a prima facie case of delivery according to the contract. Moreover, in accordance with the rule laid down in the case of Jarrell v. Sproles, supra, we must presume that if the facts recited are insufficient to justify the conclusion, it was warranted by other facts proven by competent testimony on the trial.

[7] No reversible error has been shown, but the judgment will be reformed so as to bear interest at the rate of 6 per cent. per annum from the date of its rendition, and as so reformed will be affirmed. The costs of this appeal will be taxed against the appellees.

Reformed and affirmed.