258 P.2d 816

**THOMAS v. GOETTL BROS. METAL PRODUCTS, Inc.**

**No. 5705.**

Supreme Court of Arizona.

June 22, 1953.

Jos. F. Walton, of Phoenix, for appellant.
Snell & Wilmer, of Phoenix, and Edward Jacobson, of Phoenix, for appellee.

LA PRADE, Justice.

This case presents an appeal from a judgment of the trial court refusing to set aside a default judgment theretofore entered by it against appellant (defendant below), in principal sums totalling $10,852.55 plus accrued interest amounting to several hundred dollars.

Defendant sought relief from the default judgment upon the ground of excusable neglect induced by illness, for failing to timely answer the complaint. His motion to set aside the default and supporting affi-

davits showed that service of the complaint and summons was had upon him on March 18, 1952; that on April 8, twenty-one days after service, default judgment was entered after entry of default and upon proofs; that he neglected to answer the complaint for the reason that he had no remembrance of having been served and was not aware of entry of judgment until notified by a title company on April 23, 1952, which information was brought to his attention when he attempted to transfer some real property; that for some twelve days prior to being served he had suffered severe pain in back and shoulders; that this pain became increasingly severe until March 17, when he was compelled to seek the aid of a doctor; that at the time he consulted the doctor his neck was in a drawn and twisted condition and excruciatingly painful; that the only relief he got was from sedatives; that he saw this doctor four times, the date of the last treatment April 2d; that on April 2d he went to a second doctor who injected 20 cc. of novocaine into one of the neck muscles and gave him other sedatives; that on the suggestion of this doctor he secured a cervical collar to hold the weight of his head from off the shoulders; that he wore the collar for several days but had to give it up as being too severe; and that on April 7th he sought the advice of a third doctor who treated him for an acute brachial neuralgia of the left arm—pain emanating from the upper part of the thoracic spine. The doctor testified that there was marked flexion of the cervical spine accompanied by severe pain; that X-rays were taken in a sitting posture due to the fact that patient could not lie down; that on the first visit he injected 100 milligrams of demerol intramuscularly; that he diagnosed the condition as an inflammatory condition of the sensory nerve root which lies near the spine; and that he saw Mr. Thomas every day for the first week and every other day for the following two weeks.

This medical history was supported by affidavits of the three doctors and was enlarged upon at the hearing on the motion, when all of the doctors testified. No attempt was made to contradict or impeach the medical evidence.

With the motion there was tendered an answer and counterclaim arising out of the transaction sued on. These pleadings sufficiently showed a meritorious defense by way of a partial failure of consideration. It was alleged that the note sued on was given for gas heaters and allied installations which were not in accordance with the specifications and had been rejected by the Federal Housing Administration. The demand of the counterclaim was for $1,863.75.

However, it appeared from the testimony of defendant given at the hearing that on the day of service and each work day thereafter he attended his office and transacted considerable business. On the day of service defendant sold at a bank some $35,000 worth of securities—two lawyers attending this sale and conference testified to the fact of defendant's attendance, the nature of the

business transacted, that defendant's physical appearance was normal, and that they were unaware of any illness or painful condition from which defendant might have then been suffering. It was also established by defendant's admission that on March 27 (9 days after the service) he had attended the Arizona Building Contractors' Club with his secretary, where they had dinner and refreshments.

A witness by the name of Kircher, with whom defendant had considerable business dealings, testified that on April 4th (17th day after service), at a time when the witness and defendant were conferring about business, the defendant among other things said, "Your friend Bill Goettl (plaintiff) is suing me".

The question here is: Did the trial court abuse its legal discretion in refusing to set aside the default judgment?

 In view of the disposition made of the motion it is apparent that the trial judge concluded that the failure of the defendant to answer the complaint was not attributable to illness but rather was occasioned by carelessness which in law is not synonymous with "excusable neglect". Doyle v. Rice Ranch Oil Co., 28 Cal.App.2d 18, 81 P.2d 980. The evidence leading to this conclusion must be received on appeal in the strongest light in behalf of the plaintiff since the trial court denied defendant's motion. Beltran v. Roll, 39 Ariz. 417, 420, 7 P.2d 248. The question of whether a

sufficient showing of excusable neglect has been made is within the sound judicial discretion of the trial court, Comision Monetaria v. Sonora Bank & Trust Co., 28 Ariz. 369, 236 p. 1114; Swisshelm Gold Silver Co. v. Farwell, 59 Ariz. 162, 124 P.2d 544; and will not be disturbed on appeal unless it appears that there has been an abuse of the court's discretion. Garden Development Co. v. Carlaw, 33 Ariz. 232, 263 P. 625; Lynch v. Arizona Enterprise Mining Co., 20 Ariz. 250, 179 P. 956.

In Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873, 878, we quoted with approval from Watson v. San Francisco & H. B. R. R. Co., 41 Cal. 17, reading page 20, as follows:

"The exercise of the discretion ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better as a general rule that the doubt should be resolved in favor of the application."

 To say that in the instant case the wise and judicious course would have been followed by setting aside the default judgment, insuring that the controversy would have been determined on its merits, is not equivalent to saying that the refusal was an act of abuse or arbitrariness.

Undoubtedly the defendant was, before and after the service of the complaint, in-

58

disposed and suffering from pain, but he surmounted these difficulties and attended to business each day. This business was carried on in his office and entailed passing judgment on the business problems presented each day, all of which were numerous and of more than passing importance. Defendant made no claim of a lapse of memory or impairment of mental condition during the period under consideration. According to the witness Kircher defendant was well aware, at least on the 17th day after service, that he had been sued and by Bill Goettl.

In the Texas case of Woytek v. King, Tex.Civ.App. 1920, 218 S.W. 1081, it was concluded that there was no error in overruling a motion to set aside a default judgment where the evidence showed that the defendant was served with citation while ill, though sitting up dressed in his street clothes at the time of service, and transacted business from his sick room through managers, who could have attended to the matter of having an answer filed. In the case at bar defendant's secretary together with an officer of one of defendant's corporations were at all times available, and consulted him daily relating to his business and could have placed the matter of the answer with counsel.

In view of the record and the law applicable we cannot say that the trial court's action in refusing to vacate the judgment must be adjudged as an abuse of legal discretion to be corrected on appeal.

Judgment affirmed.

STANFORD, C. J., and PHELPS, UDALL, and WINDES, JJ., concurring.