441 P.2d 249

Jerry CAMACHO, a minor by his mother and best friend Helen Camacho, Appellant,

v.

Henry M. GARDNER and Jane Doe Gardner, husband and wife, and Ralph T. Badilla, Appellees.

No. 2 CA–CIV 403.

Court of Appeals of Arizona.

May 21, 1968.

Rehearing Denied July 30, 1968.
Review Granted Oct. 8, 1968.

William Messing, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellees.

JOHN A. McGUIRE, Superior Court Judge.

The facts of this case are set forth in considerable detail in the original opinion rendered December 29, 1967 and published 6 Ariz.App. 590, 435 P.2d 719 and will not be repeated. The court's attention was invited to certain matters not covered in the original opinion, rehearing was ordered, and the case resubmitted after oral argument and the filing of further memoranda. All three judges of the court adhere to their opinions heretofore rendered insofar as such opinions deal with the legal questions there discussed.

A further problem is presented by reason of the rights of the insurance carrier. It appears affirmatively that the insurance carrier did not know of the filing of the law suit and service of summons prior to rendition of judgment, and the insurance company then filed the motion (in the name of the insured) to set aside, exactly one week after the judgment was rendered.

In Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967) the Supreme Court held that the failure on the part of the defendant to notify his insurance carrier was not a basis for denying liability. The opinion further stated that the insurance company filed the motion to have the judgment set aside on August 9, 1961, more than nine weeks after being informed of the suit and

after garnishment proceedings were instituted against it.

The court held that the facts could not be relitigated in the garnishment proceedings and "If the insurance company can show statutory grounds to set aside the default, its remedy is to move to have the default judgment set aside, as was done in the instant case." 102 Ariz. at 245, 428 P.2d at 102.

The judges of this court examined the original abstract of record in the *Sandoval* case in order to determine the precise nature of the motion filed. It is a motion filed by defendant Sandoval and commences with the words: "comes now the defendant by and through his attorneys undersigned and respectfully moves the court to set aside the judgment as to the award." The motion and its supporting affidavit do not mention the insurance company in any way.

 It therefore appears that it is not necessary for the insurance company to enter the case as an intervenor before it can file a motion to set aside a judgment against the insured. In fact, it is the duty of the insurance company to file this motion immediately on learning of the default judgment and it was the delay of nine weeks in the *Sandoval* case which was cited by the Supreme Court as justifying a denial of the motion.

Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S., pertaining to the setting side of default judgments, has been made more liberal since the date the Sandoval motion was denied by the Superior Court. It now includes the broad statement "any other reason justifying relief from the operation of the judgment." It was held in the case of Marquez v. Rapid Harvest Co., 99 Ariz. 363, 409 P.2d 285 (1965), as well as in numerous prior cases that "any doubt which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits." 99 Ariz. at 366, 409 P.2d at 287.

It is not necessary to rule that the insurer has an absolute legal right to have default judgment set aside if its policyholder has failed to notify it of the suit. It is only necessary to hold that this is one circumstance that the trial court may consider in using its discretion.

 I see no purpose in keeping this phase of the case open longer to permit the company to make a motion in its own name to set aside the judgment. While I still believe the neglect of the defendant inexcusable, I am not now prepared to hold that "any other reason justifying relief from the operation of the judgment" did not exist and that the trial court abused its discretion.

Therefore, I concur in Judge Hathaway's view that the order should be affirmed.

ORDERED: The order of the Superior Court of Pima County setting aside the judgment and default is affirmed.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.

HATHAWAY, Chief Judge (specially concurring).

I adhere to the views previously expressed in my dissent, and with the exception of Judge McGuire's belief that the neglect of the defendant is inexcusable, I concur in the reasoning and result of his supplemental opinion.

MOLLOY, Judge (dissenting from opinion on rehearing).

Though I agree that the motion referred to in Sandoval v. Chenoweth, 102 Ariz. 241, 245, 428 P.2d 98, 102 (1967), as the motion of the liability insurance company ("* * * its motion * * *") was in fact a motion to set aside default filed in the name of the defendant Sandoval, I do not agree that our Supreme Court intended to adopt a rule that would permit a liability insurance company to advance its own equities, as opposed to those pertaining to

its insured, under the auspices of a motion filed in the name of the insured.

I consider it critical to the *Sandoval* decision that the insurance company was itself a party to that litigation, and had filed a motion, in response to a tender of issue in a garnishment proceedings, which adopted by reference the motion to set aside default previously filed on behalf of its insured.[1]

*Sandoval* is authority for the proposition that a liability insurance company may appear in the litigation in which a default has been taken against its insured and show cause to set aside what is, in effect, under *Sandoval,* a default against it:

"If the insurance company can show statutory grounds to set aside the default, its remedy is to move to have the default judgment set aside, as was done in the instant case."

102 Ariz. at 245, 428 P.2d at 102.

But, I see no intent in this opinion to permit an insurance company to advance its own excusable neglect to set aside a default against its insured. Such a rule would permit most inequitable results.

In the case at bar, for instance, if the previously released majority opinion is correct, and if the defendants' failure to answer was negligent and otherwise inexcusable, it would be a strange law that would reclassify their failure as excusable because they were additionally negligent in failing to notify their insurance company.

And, as far as the insurance company is concerned, there may be many reasons, unexplored by this record, which would render its failure to answer on behalf of its insured negligent. In the record, we have an uncontroverted affidavit from a claims representative that the defendants Gardner did not inform him of the service of process, but there is no showing that the affiant's knowledge constituted all of the knowledge that should be attributed to the liability insurance company, which presumably has many agents.

The motion to set aside was submitted on behalf of the "defendants Gardner." In considering it, I believe we are concerned with the "mistake, inadvertence, surprise, and excusable neglect" of the parties on whose behalf it was made—not with possible excuses of an insurance company which has not as yet made itself a party to this litigation, so that we can evaluate its excuses in proper perspective. It is possible that we are dealing with a defense tendered under a reservation of rights which may later relieve the insurance company of all liability, or a policy with unusually low limits of liability, or, conceivably, even with an insurance company which is totally irresponsible financially.

In view of the ambivalence inherent in the situation of a liability insurance company's representation of its insured, and the language of *Sandoval,* which in at least one of its pronouncements equated a motion to set aside default filed for the insured with one filed on behalf of the insurer, a motion to set aside now filed by the insurance company on its own behalf should not necessarily be regarded as tardy. But I do not think we should be concerned with its excuses, whatever they may be, in evaluating whether the defendants Gardner are entitled to have this default set aside as to them.

1. This is not apparent from the opinion published, but is ascertainable by examining the abstract of record on file in the Supreme Court, at 21.