451 P.2d 620

**Jerome CAMPBELL and Lois Campbell, husband and wife, Appellants,**

v.

**FRAZER CONSTRUCTION COMPANY, a corporation, and James Frazer, Appellees.**

No. 2 CA–CIV 562.

Court of Appeals of Arizona.

March 12, 1969.
Rehearing Denied April 23, 1969.
See 453 P.2d 365.
Review Granted June 17, 1969.

Arthur R. Buller, Tucson, for appellants.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by E. F. Rucker, Tucson, for appellees.

MOLLOY, Chief Judge.

We are again presented with the question of how much "discretion" a trial court has in setting aside a default and a default judgment.

In this action, the defendants, Frazer Construction Company, an Arizona corporation, and James Frazer, an individual, were served on December 12, 1967, with process in an action seeking damages from breach of contract and for negligence. The manner of service was personal delivery of a copy of the summons and complaint by a process server, in pursuance of 4(d), Rules of Civil Procedure, 16 A.R.S. The place of service was in Tucson, Arizona.

On January 5, 1968 (a Friday—twenty-four days after service), a default was taken against the defendant, Frazer Construction Company, and on January 8, 1968, a default was taken against James Frazer. A judgment was entered on the default on January 8, 1968.

An unverified motion to set aside default was filed with the court on January 12, 1968, on behalf of both the corporation and the individual defendant. This motion indicated that an affidavit in support of the motion would follow and such an affidavit was filed on January 17, 1968.

This affidavit, the only evidentiary matter presented to the court in support of the motion to set aside, indicated that the deponent, James Frazer, had "* * * apparently misread the instructions on the Summons in that he believed he had thirty days within which time to file an Answer."[e] According to this affidavit, the defendant Frazer had attempted to contact an attorney on January 5, 1968, but the attorney whom he selected to employ was ill on this day, and he was given an appointment on January 8, 1968. The affidavit further stated that the affiant was "* * * generally unfamiliar with the preliminaries regarding the filing and answering of lawsuits and was unaware that the complaint had to be answered within twenty days."

For "meritorious defenses," the affidavit denied the performance of any negligent acts and stated that the plaintiffs in the action had "* * * assumed the responsibility of the construction of the house * * *" (the plaintiffs' complaint alleged that the defendants had contracted to build a house for the plaintiffs and that the plaintiffs had been damaged by improper plumbing installed in the house), and that the affiant and the plaintiffs "* * * were partners in a joint venture whereby the defendant did the building and the plaintiffs did the selling, but in which joint venture the responsibilities were to be shared equally." Further, the affidavit alleged that a one-year statute of limitations had run on the plaintiffs' claim.

On the basis of this affidavit, the trial court entered an order setting aside both the default and the default judgment. In our view this was error.

It is the established law of this state that default judgments are not favored, Ramada Inns, Inc. v. Lane and Bird Advertising, Inc., 102 Ariz. 127, 129, 426 P.2d 395, 397 (1967), and, if there is "any doubt" as to whether a default should be set aside, it must be resolved in favor of the application, Marquez v. Rapid Harvest Co., 99 Ariz. 363, 366, 409 P.2d 285, 287 (1965). Our Supreme Court has stated on numerous occasions that the resolution of problems involving the setting aside of a default rests in the "sound discretion" of the trial court. Gray v. Dillon, 97 Ariz. 16, 17, 396 P.2d 251, 252 (1964); Schering Corporation v. Cotlow, 94 Ariz. 365, 370, 385 P.2d 234, 238, 17 A.L.R.3d 617 (1963); Preston v. Denkins, 94 Ariz. 214, 219, 382 P.2d 686, 689 (1963); Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54, 57, 258 P.2d 816, 817 (1953); Rogers v. Tapo, 72 Ariz. 53, 57, 230 P.2d 522, 525 (1951). With almost invariable consistency, appellate court decisions of this state have affirmed the setting aside of a default and a default judgment. See, e.g., cases cited supra.

Despite the overwhelming majority favoring the setting aside of defaults, we do not believe that the "discretion" of the trial judge is unlimited. We believe it is still the law of this jurisdiction that there must be a showing of some circumstance that is somewhat out of the ordinary in order to give rise to a power of "discretion" in the trial court. In the area of mistake or neglect, and this is the area in which this case must fall, the law appears to be that the moving party must show that:

"* * * the conduct causing the default might be the act of a reasonably prudent person under the same circumstances." Ramada Inns, Inc. v. Lane and Bird Advertising, Inc., 102 Ariz. 129, 426 P.2d 397.

**264**

■ Here, the only circumstance called to the trial court's attention was that, the moving party had "* * * apparently misread the instructions on the Summons * * *" The summons is in plain English and the defendants do not appear to be illiterate or handicapped in any way in this regard. If this default can be set aside for this reason, any default can be set aside on the petition of any defendant who is prepared to allege a "misreading" of the instructions on the summons.

This motion to set aside was filed soon after the default, and the defendants suggest that there be adopted a rule which would permit the setting aside of a default for no other reason than the early filing of the motion. Reliance is taken upon the decision of Mannke v. Benjamin Moore & Company, 375 F.2d 281, 285 (3d Cir.1967). In this opinion, the court saw "no harm" in setting aside the default, because the motion to set aside was filed two days after the entry of default.

· We believe there is more at stake than merely "harm" to the plaintiff. Judicial proceedings merit some dignity in and of themselves. A twenty-day time limit to answer personal service of process within this state has been selected. Conceivably, this time limit could have been fifteen days or twenty-five days, but, once selected, it becomes part of our procedural law. We do not believe that a trial court should have discretion, without a standard upon which to base that discretion, to change this limit.

Any delay in prosecuting a valid claim is "harm" in some degree to the claimant. The value of the services of counsel to obtain default and default judgment is detriment. And there is detriment to the judicial process, when a court properly takes a step forward in its primary function of putting an end to dispute, and then is forced to backtrack and start over.

In our view, the conduct advanced as a reason for setting aside this judgment is not, as a matter of law, "the act of a reasonably prudent person under the same circumstances." We follow Overson v. Martin, 90 Ariz. 9, 363 P.2d 604 (1961), in holding that there was an abuse in discretion below in setting aside this default.

■ The appellee suggests that, even if the setting aside of the default was erroneous, there should still be an affirmance of the setting aside of the default judgment. Reliance is taken upon Camacho v. Gardner, 6 Ariz.App. 590, 595, 435 P.2d 719, 724 (1967). This decision of our court was, on rehearing, reconsidered, 7 Ariz.App. 483, 441 P.2d 249 (1968), and subsequently a writ of review was granted by the Supreme Court on October 8, 1968, which is now pending.

But, even if this first *Camacho* decision is good law, it is not applicable here. In *Camacho*, we found very little evidence to support the substantial judgment rendered in that case and held, in the first opinion of this court, Hathaway, J., dissenting, that the inadequacy of proof was such as to "shock the conscience" of the court (6 Ariz.App. 594, 435 P.2d 719). Here, the record shows that, at the hearing on application for default judgment, a written appraisal of a real estate broker was admitted in evidence, along with a standard form of agreement between the owner and contractor for the construction of his home. In the written appraisal is an estimate of a general contractor as to the cost of repairing damage to this dwelling caused by badly leaking hot water pipes. This estimate indicates that the reasonable cost of repairing is $35,195.50. The written appraisal indicates that, were it not for water damage caused by defective water pipes under the concrete floor of this home, the property would have a value of $54,968, while in its then present condition it had a value of $19,775.

The motion filed with the trial court to set aside contains no indication that the amount of damages awarded are excessive. What the appellees are suggesting is that this court, on its own motion, regard the amount of this judgment as excessive, as we did in the first *Camacho* decision. But

the predicate for such action is lacking here. While at first blush, this judgment seems high in the light of what ordinarily happens, we have found that it is usually the unusual which finds its way into court. We believe it to be pure speculation to say that the amount of this judgment is excessive from what this record discloses.

Though at least one court has permitted the setting aside of a default judgment and a hearing on the amount of damages without comment as to excessiveness, Johanson v. United Truck Lines, 62 Wash.2d 437, 383 P.2d 512 (1963), we do not believe that this rule should be adopted here. Again, we shy away from vesting absolute "discretion" in a trial court. Lacking any showing here that the amount awarded is excessive, we believe that it was also an abuse to set aside the default judgment. We take no view as to whether, on remand, the defendants may still raise this question of excessiveness.

Judgment reversed and remanded with instructions to reinstate the default and the default judgment.

KRUCKER, J., concurs.

HATHAWAY, Judge (dissenting):

The discretion vested in the trial court, inclined generally toward granting rather than denying relief from default judgments, particularly where no injustice will follow, Barron & Holtzoff Federal Practice and Procedure § 1323, should not be disturbed on review unless there has been an abuse of discretion. Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942 (1957); Haenichen v. Worthington, 9 Ariz.App. 83, 449 P.2d 319 (1969). I believe the trial court did not abuse its discretion.

The interests of justice are best served by a trial on the merits. A standard of liberality, slanted toward affording a trial on the merits, should, and I believe did, serve as the trial court's guide.

Admittedly, the defendant appears to have treated the lawsuit with unusual laxity, particularly in the casual reading of the summons. Even so, proceeding under his misapprehension that he had time to spare, he attempted to contact his attorney on January 5, 1968, the day default was entered and because of the attorney's illness, he was given an appointment three days later—still within the time specified for answering according to the defendant's miscalculations. The plaintiff will not be prejudiced by setting aside the default judgment and the defendant will receive his day in court. The judgment should be affirmed.