453 P.2d 365

Jerome CAMPBELL and Lois Campbell, husband and wife, Appellants,

v.

FRAZER CONSTRUCTION COMPANY, a corporation, and James Frazer, Appellees.

No. 2 CA–CIV 562.

Court of Appeals of Arizona.

April 23, 1969.

Review Granted June 17, 1969.

**426**

———◆———

Arthur R. Buller, Tucson, for appellants.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by E. F. Rucker, Tucson, for appellees.

### ORDER

Appellees have submitted to this court in connection with their motion for rehearing, 9 Ariz.App. 262, 451 P.2d 620, an affidavit of their counsel which states, *inter alia:*

> "That at the time of filing of the motion and affidavit [to set aside default and default judgment] neither the appellees nor their attorney had any opportunity to determine the extent of any alleged damages. Aince [sic] that time, affiant has been advised by appellee that his investigation indicates any damages would not exceed $1,500.00; that since that time there has been a series of conferences between counsel for the various parties involved preparatory to depositions, and the evidence as to damages by appellees and third party defendants is a low figure, not in excess of $1,500.00; that only at a trial will lawful conclusion as to the extent of the negligent damages be made; * * *."

In our first opinion in Camacho v. Gardner, 6 Ariz.App. 590, 594, 435 P.2d 719, 723 (1967), we indicated that this matter of excessiveness of damage, on default judgment, if it is so great as to "shock the conscience" of the court, is grounds for relief under subsection (6) of Rule 60(c), 16 A.R.S.:

> "* * * any other reason justifying relief from the operation of the judgment."

While this decision was subsequently rescinded by this court in a divided opinion, Camacho v. Gardner, 7 Ariz.App. 483, 441 P.2d 249 (1968), and this opinion, in turn, set aside by a writ of review granted by the Supreme Court on October 8, 1968, which review is still pending, we nevertheless believe the pronouncements in regard to this residual clause in Rule 60(c) to be valid.

Under Rule 60(c), the time limit for filing a motion under this subsection is: "the motion shall be made *within a reasonable time*, * * *." In our previous opinion, rendered herein we stated:

> "We take no view as to whether, on remand, the defendants may still raise this question of excessiveness."

This is still our position. We believe any motion under Rule 60(c) should be first presented to the trial court. In *Camacho,* because the record itself disclosed gross excessiveness, this court took it upon itself to grant appropriate relief. But here the record until now has been completely free of any evidence indicating that the amount awarded by the trial court was disproportionate to the actual damage sustained. Even now the affidavit submitted is predicated on hearsay. Hence, it would in our opinion be an overstepping of the appellate function to affirm the setting aside of the default judgment on the basis of the excessiveness of damage.

It is ordered that the motion for rehearing be, and it hereby is, denied.

MOLLOY, C. J., and KRUCKER, J., concur.

For the reasons stated in his dissenting opinion, Judge JAMES D. HATHAWAY votes to grant the motion for rehearing.