459 P.2d 300

**Jerome CAMPBELL and Lois Campbell, husband and wife, Appellants,**

**v.**

**FRAZER CONSTRUCTION COMPANY, an Arizona business or corporation, and James Frazer, individually, Appellees.**

**No. 9707–PR.**

Supreme Court of Arizona.

In Banc.

Oct. 2, 1969.

Arthur R. Buller, Tucson, for appellants.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by E. F. Rucker, Tucson, for appellees.

McFARLAND, Justice.

This case is before us on a petition for review of a decision of the Court of Appeals reversing an order of the Superior Court setting aside a judgment and a judgment in default. The opinion of the Court of Appeals is reported in 9 Ariz.App. 425, 453 P.2d 365. We granted the petition for review. The decision of the Court of Appeals is vacated.

On December 12, 1968, process was duly served on the defendants, Frazer Construction Company and James Frazer (hereinafter designated as Frazer) by personal service on James Frazer. Allegedly, Frazer, an experienced businessman, misread the summons so that he believed he had thirty days to answer rather than the actual time of twenty days. The summons does show a 30-day period, but it is for out-of-State service. On a date early in January 1969 Frazer made an appointment to consult his attorney on January 5th, a date after the expiration of the time to answer, but just barely within the time Frazer believed he had. On the January 5 date, Frazer was advised that his attorney was ill, and the appointment was re-scheduled for January 8th. On this same day, a judgment in the amount of $35,000, plus $20 costs, was entered in favor of Campbell based on a default entered on January 5. The amount of the judgment was not only based on the ad damnum clause of the complaint, but was

also supported by evidence, including an affidavit of an expert, at a hearing before the trial court.

On January 12th Frazer filed a motion to set aside the default, which was amended on February 1 to include the default judgment (an unnecessary formality). Meritorious defenses were also presented. The motion came on for hearing on February 5, and on February 15 the court entered an order granting the motion under Rules 55(c) and 60(c), R.C.P., 16 A.R.S. On March 12, 1969, the Court of Appeals, Division Two, handed down a decision reversing the order of the trial court, with one dissent.

The question is whether the court abused its discretion in granting the motion. In this area of the law, the courts are confronted with two opposing principles of law which must be reconciled; on one hand, that the sanctity and finality of judgments be maintained, and on the other that controversies be decided on their merits. This problem was expressed by this Court in Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550, 21 A.L.R. 3d 1266:

"In determining whether a defendant should be relieved of a default judgment the court must be guided by equitable principles. These principles require that a defendant be given a fair opportunity to litigate a disputed obligation and also require that a plaintiff, who has, according to regular and legal proceedings, secured a judgment be protected against a violation of the rule which requires the sanctity and security of a valid judgment. When the circumstances are such that it would be extremely unjust to enforce such a judgment, relief will be granted to the extent of allowing defendant a fair opportunity to present the matter on its merits. In recognition of these principles Rule 60(c), Rules of Civil Procedure, 16 A.R.S., provides that when a judgment is taken against one by reason of his mistake, inadvertence, surprise or excusable neglect, relief may be granted therefrom

upon such terms as are just. If a judgment is acquired because of a party's mere neglect, inadvertence or forgetfulness without any reasonable excuse therefor, the judgment will not be disturbed and the neglecting party must suffer the consequences. * * *"

In Camacho v. Gardner, 104 Ariz. 555, 456 P.2d 925, we gathered together many authorities which set forth the guidelines for resolving this enigma. One of the more persuasive principles, as regards the instant matter, is that an appellate court will hesitate to upset the discretion of the trial judge, and if there is some doubt which causes the court to hesitate on the motion such doubt should be resolved in favor of a trial on the merits. Time is also significant. Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98. In Camacho, supra, we said:

"Another applicable rule is that the motion must be filed promptly. Sandoval, supra. In applying these rules, one must also keep in mind two other principles: First, the facts must be examined in the strongest light possible in favor of the party prevailing in the trial court, Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54, 258 P.2d 816, and, second, where the circumstances lead the court to hesitate upon the motion to open the default, the doubt should be resolved in favor of the motion. * * *"

Here time is not a factor, since Frazer filed the motion four days after judgment was entered. In the instant case the court evidently found that the misreading by the defendant of the period of time which he would have to file an answer to the summons was a mistake which comes within the previous interpretation of the rules for the setting aside of a default. The defendant consulted a lawyer in time to have filed the answer within the period during which he thought he was required to answer.

Rules for setting aside a default place great reliance on the proper use of discretion by the trial courts, and rightly so. The trial judges are given this discretion,

**42**

as they are usually in a much better position to determine these matters than are the appellate judges, much in the same manner as they, or juries, are more qualified triers of fact at the hearing of a case. We do not feel that the facts in the instant case justify a holding that the court abused its discretion in setting aside the default.

The decision of the Court of Appeals is vacated. The order of the Superior Court is affirmed, and the case remanded for further proceedings.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.