574 P.2d 853

**BEYERLE SAND AND GRAVEL, INC., Appellant and Cross-Appellee,**

v.

**Ricardo MARTINEZ and Joan Conley Martinez, husband and wife, Appellees and Cross-Appellants.**

**No. 2 CA–CIV 2579.**

Court of Appeals of Arizona, Division 2.

Dec. 7, 1977.

Rehearing Denied Jan. 11, 1978.

Review Denied Feb. 7, 1978.

Wayne A. Cypert, Nogales, for appellant and cross-appellee.

E. Leigh Larson, Nogales, for appellees and cross-appellants.

## OPINION

HOWARD, Chief Judge.

This appeal and cross-appeal arise from the granting of a default judgment in an action concerning the breach of a written lease authorizing appellant to remove sand and gravel from land owned by appellees.

In November of 1971, appellees Ricardo Martinez and Joan Conley Martinez acquired a portion of the Diamond Y Ranch in Santa Cruz County, Arizona. They purchased the property from Richard E. Con-

ley, Mrs. Martinez' father. Mr. Conley had executed a lease with appellant permitting the removal of sand and gravel and appellees entered into a similar lease with it on December 30, 1971. Both leases provided for the replacement of top soil from the excavation by appellant—the prior lease for a six-inch replacement layer, and the lease at issue for one foot, "if possible". Appellant did not replace the top soil, and at the time of suit, the entire 600' × 600' area was without top soil. Approximately three-fourths of the top soil was removed by appellant before the cancellation of its lease with appellees in December of 1972. Another one-fourth was removed by appellant's assignee, New Pueblo Materials.

A summons and complaint were served on the president of the appellant corporation on July 10, 1974. No answer being filed, default was entered on August 2, 1974. On September 5, 1974, appellant filed a motion to set aside entry of default, which was denied. The court below granted appellee's motion for judgment for a small rental claim and, after a full hearing on the amount of damages for removal of top soil, entered judgment in favor of appellees for $25,188.10.

Appellant contends that (1) the court should not have refused to set aside the entry of default or denied relief from the final judgment, and (2) the court improperly assessed damages or awarded excessive damages. Appellees, in their cross-appeal, assert that the court erred in not awarding damages in the sum of $66,915.60, the amount prayed for in their complaint, according to the liquidated damages provision of Rule 55(b), Arizona Rules of Civil Procedure. We agree with the ruling of the trial court in its entirety and thus reject the contentions of both parties.

A party seeking relief from a default judgment must demonstrate to the satisfaction of the trial court (1) that his failure to answer within the time required by law was due to excusable neglect; (2) that he had a meritorious defense; and (3) that he made prompt application for relief. *Phillips v. Findlay*, 19 Ariz.App. 348, 507 P.2d 687 (1973). The granting of a motion under Rule 55(c), Rules of Civil Procedure, on the ground of excusable neglect is within the sound discretion of the trial court. *Gray v. Dillon*, 97 Ariz. 16, 396 P.2d 251 (1964). The facts must be examined on appeal in the strongest light in favor of the appellees since the trial court denied appellant's motion. *Thomas v. Goettl Bros. Metal Products*, 76 Ariz. 54, 258 P.2d 816 (1953).

In the case sub judice the trial court received testimony in two separate hearings. It was established that the president of the Beyerle corporation was served with a complaint which he forwarded to the vice-president for the purpose of answering. The record shows no explanation as to why the vice-president did not retain an attorney to file a timely answer. Concerning the issue of excusable neglect, the record shows at best that the corporation, by its vice-president, was careless in its failure to retain an attorney to file an answer. Carelessness is not synonymous with "excusable neglect". *Thomas v. Goettl Bros. Metal Products*, supra.

Appellant next contends that the damages award was excessive. A full hearing was conducted on the issue of damages. The court received ample testimony upon which it based its conclusion that the top soil removed was valued at $65,500. It conservatively divided this figure by two in accordance with the six-inch replacement specification in the Conley lease. Appellant argues on appeal that judicial notice should not have been given to the qualifications of the soil expert, Mr. Taylor. Judicial notice is generally confined to situations where a fact is not subject to reasonable dispute. However, this was an evidentiary matter, and no objection was made by appellant to the court's acceptance of Mr. Taylor's qualifications. Likewise, appellant made no offer of proof when Pierson, the president of the corporation, was not allowed to testify as to the nature of the top soil. Appellant cannot now raise this issue for the first time on appeal.

Cross-appellants' contention that error was made in failing to grant them the amount prayed for in their complaint is without merit. They assert that Rule 55(b)(1), Rules of Civil Procedure, as amended, should apply. The rule states:

"Judgment by default. Judgment by default may be entered as follows: 1. *By motion.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon motion of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person."

Cross-appellants allege that because a "sum certain" was claimed, the court must enter judgment for that amount. We do not agree. A claim is not for a "sum certain" merely because it is for a specific amount. *Hallett Const. Co. v. Iowa State Highway Commission,* 258 Iowa 520, 139 N.W.2d 421 (1966). A contrary holding would permit almost any unliquidated claim to be transformed into a claim for a sum certain merely by placing a monetary amount on the item of claimed damage even though such amount has not been fixed, settled, or agreed upon by the parties and regardless of the nature of the claim. Nor is the claim one which can by computation be made certain. It requires evidence of the value of the top soil removed. The claim therefore falls within the ambit of Rule 55(b)(2), Rules of Civil Procedure, as amended, which provides in pertinent part:

". . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when required by law."

Judgment affirmed.

RICHMOND and STEVENS, JJ., concur.