NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

In re the Marriage of:

FLORENTINA ELMA VILLALOBOS, *Petitioner/Appellee*,

*v.*

JORGE ANCHONDO RIVERA, *Respondent/Appellant*.

No. 1 CA-CV 13-0595
FILED 10-14-2014

---

Appeal from the Superior Court in Maricopa County
No. FN2013-002074
The Honorable Thomas A. Kaipio, Commissioner
The Honorable James T. Blomo, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Ber & Associates, P.L.L.C., Phoenix
By Hershel Ber
*Counsel for Petitioner/Appellee*

Law Offices of Jose De La Luz Martinez, P.L.L.C., Phoenix
By Jose De La Luz Martinez
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Donn Kessler and Judge Kent E. Cattani joined.

---

**T H O M P S O N**, Judge:

¶1        Jorge Anchondo Rivera (Husband) appeals from the trial court's denial of his motion to set aside a default judgment in a dissolution case.  For the following reasons, we reverse the decision of the trial court and remand for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In March 2013, Florentina Elma Villalobos (Wife) filed a petition for dissolution of marriage.[1]  Wife's process server served Husband with various documents, including the summons and petition, on March 28, 2013.

¶3        After Husband did not respond to the petition, Wife filed an application and affidavit for default on April 22, 2013.  Attached to the application for default was Wife's certificate of mailing, which stated that Wife would mail a copy of the application and affidavit for default to Husband at his current residence the same day she filed the application and affidavit for default.  Husband did not appear or respond to the filings, and the trial court entered a decree of dissolution of marriage by default on May 31, 2013.[2]  Along with dissolving the marriage and dividing the community

---

[1] In her petition, Wife requested $1500.00 per month in spousal maintenance and alleged that 1) she lacked sufficient property to provide for her reasonable needs, 2) she was unable to support herself through employment, and 3) she lacked earning ability in the labor market in order to support herself.

[2] The superior court's website indicates that a "Decree on Demand – Spanish" hearing took place on May 31, 2013.  If the court took any testimony from Wife that day, we do not know what that consisted of.  All we have from that day is the default Decree, which states on its first page, "This case has come before this court for a final 'Decree of Dissolution of

property[3], the Decree ordered Husband to pay Wife $1500 per month spousal maintenance for a period of five years.

**¶4**　　　　On July 15, 2013, Husband filed a motion to show cause re: vacation of judgment pursuant to Arizona Rule of Family Law Procedure 85(C), asserting that the default judgment was a result of Wife's fraud and misconduct. Husband claimed that Wife told him she wanted to reconcile and that she planned to withdraw her petition for dissolution. Husband further claimed that he did not receive a copy of Wife's application for default until after the trial court granted the dissolution, when Wife handed him a copy of the application. He conceded that he had actual notice of the petition for dissolution. The motion was verified by Husband. Wife did not file a response.[4] The trial court denied the motion in an unsigned minute entry order.

**¶5**　　　　Husband appealed. We suspended the appeal to allow Husband to obtain a signed order from the trial court, and he did so. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) § 12-2101(A)(2) (Supp. 2013).

## DISCUSSION

**¶6**　　　　Husband argues that the family court erred in denying his motion to vacate the default judgment because the judgment was obtained as a result of Wife's misrepresentation, fraud, and misconduct and because

---

Marriage (Divorce) Without Minor Children.' The court has taken all testimony needed to enter a final Decree, or has determined testimony is not needed to enter the final Decree."

[3] The Decree awarded Wife the parties' house, all of the furniture, a refrigerator, a television set, one of two ATV's owned by the parties, a 2008 Chevy Avalanche, and half of a joint checking account containing $2391.00. The Decree further purports to award Wife Husband's separate property – a piece of land of unknown value willed to him by his father. Husband was awarded a laptop computer, half of the joint account, an ATV, and his tools. He was awarded a second piece of land of unknown value that he inherited from his father as his separate property.

[4] Wife claims on appeal that Husband received the application for default in April 2013, but she bases this assertion on affidavits that were prepared in February 2014 and that were not before the trial court when it denied Husband's motion to show cause.

he did not receive proper notice of the application for default. We review the trial court's ruling on a motion to vacate a default judgment for an abuse of discretion. *Douglas v. Lease Investors, Inc.*, 19 Ariz. App. 87, 89, 504 P.2d 1310, 1312 (1973) (citation omitted). "To find an abuse of discretion, there must either be no evidence to support the superior court's conclusion or the reasons given by the court must be 'clearly untenable, legally incorrect, or amount to a denial of justice.'" *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17, 141 P.3d 824, 830 (App. 2006) (quoting *State v. Chapple*, 135 Ariz. 281, 297 n.18, 660 P.2d 1208, 1224 N.18 (1983)). Generally, a default judgment is not appealable; only the order setting aside or declining to set aside the default judgment is appealable. *Kline v. Kline*, 221 Ariz. 564, 568, ¶11, 212 P.3d 902, 212 P.3d 902, 906 (App. 2009) (citations omitted).

¶7        Arizona Rule of Family Law Procedure 44(A) provides that a party's request for default shall be by written application to the superior court and that the party who failed to respond to the petition for dissolution shall be notified. Notice to a party claimed to be in default and whose whereabouts are known is accomplished by mailing a copy of the application for entry of default to that party. *Id.* A default does not become effective if the party claimed to be in default files a responsive pleading or otherwise defends within ten days after the filing of the application for entry of default. Ariz. R. Fam. Law P. 44(A)(4). If the party claimed to be in default does not respond, the party seeking the default decree must then either file a motion and affidavit with the trial court[5], or request a hearing. Ariz. R. Fam. Law P. 44(B)(1)), 44 (B)(2). Rule 44(B)(2) provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the relief to be granted, or to establish the truth of any statement by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references it deems necessary and proper. The defaulted party is in the position of having admitted each and every material allegation of the petition.

---

[5] The motion and affidavit option is not available when either party has requested spousal maintenance, as Wife did here. *See* Ariz. R. Fam. Law P. 44(B)(1)(b)(2).

If a judgment by default is entered, the trial court may set aside the default judgment in accordance with Rule 85 (C). Ariz. R. Fam. Law P. 44(C). Rule 85(C)(1)(c) states that the court may relieve a party from a final judgment if there is fraud, misrepresentation, or misconduct from an adverse party. *See also* Ariz. R. Civ. P. 60(c)(3) (court may relieve a party from a final judgment due to fraud, misrepresentation, or other misconduct). "The law favors resolution on the merits and therefore resolves all doubts in favor of the moving party." *Richas v. Superior Court*, 133 Ariz. 512, 514, 652 P.2d 1035, 1037 (1982) (citations omitted).

**¶8**    Wife did not respond to Husband's motion to vacate the default judgment. Husband asserts that Wife's failure to file a response created "an adverse inference against Wife permissible in that she does not dispute the assertions raised by Husband in his motion." "Generally, a party must file a written response whenever a motion is filed." *Schwab v. Ames Constr.*, 207 Ariz. 56, 59, ¶ 14, 83 P.3d 56, 59 (App. 2004) (citations omitted). If an opposing party does not file a response, "non-compliance may be deemed a consent to the denial or granting of the motion, and the court may dispose of the motion summarily." Ariz. R. Fam. Law P. 35(B). *See also* Ariz. R Civ. P. 7.1(b). In this case, given that Husband's motion contained specific, sworn factual allegations raising questions about whether Wife misled Husband into failing to respond, a response was called for. Accordingly, and given Husband's assertion that the default judgment resulted in an inequitable division of the parties' community assets, we find that the trial court abused its discretion in summarily denying Husband's motion.

## CONCLUSION

**¶9**    We reverse the decision of the trial court denying Husband's motion to set aside the default and remand for further proceedings consistent with this decision.

