488 P.2d 1003

Merlin Eugene SMITH, Appellant,

v.

Dennis J. MONROE and Helena A. Monroe, husband and wife, and Clara Sturman, Appellees.

No. 2 CA–CIV 943.

Court of Appeals of Arizona, Division 2.

Sept. 23, 1971.

Rehearing Denied Oct. 21, 1971.

Review Denied Nov. 16, 1971.

Murphy, Vinson & Hazlett, by Carl Hazlett, Tucson, for appellant.

Miller, Pitt & Feldman by Stanley G. Feldman, Tucson, for appellees.

KRUCKER, Chief Judge.

Should the trial court have granted a motion to set aside a default judgment in a suit for personal injuries? That is the question to be resolved on this appeal.

(Appellant was defendant below and appellees were plaintiffs. Dairyland Insur-

ance Company was the defendant's insurance carrier whose insurance policy provided coverage for the accident in question.)

Briefly, the chronology is as follows. The complaint was filed on March 18, 1970, and service was effected the same day by service upon defendant's mother, a person of suitable age and discretion residing at his usual place of abode in Tucson. Default was entered on April 16, and on the following day default judgment was entered. On July 7, a motion to set aside the default judgment was filed, hearing thereon was held on August 14, and the motion was denied on September 16. This appeal followed.

 One cardinal principle of appellate review is that we defer to the trial court's ruling on a motion to vacate a default judgment in the absence of a showing of an abuse of discretion. Haenichen v. Worthington, 9 Ariz.App. 83, 449 P.2d 319 (1969); In re Cohen's Estate, 105 Ariz. 337, 464 P.2d 620 (1970). However, a party seeking relief from a default judgment must demonstrate to the satisfaction of the trial court (1) that his failure to answer within the time required by law was excusable neglect, (2) that he had a meritorious defense, and (3) that he made prompt application for relief. Camacho v. Gardner, 104 Ariz. 555, 456 P.2d 925 (1969).

We need not consider the adequacy of the defendant's showing of excusable neglect and a meritorious defense since the record reflects that the trial court could have found that the motion was not made within a reasonable time. No oral testimony was presented to the trial court at the hearing on the motion to vacate—the matter was determined on the basis of the record, exhibits and affidavits appended to the motion and the opposition thereto.

The trial court apparently concluded that Dairyland learned of the default judgment on May 4, 1970. There is evidentiary support for such finding—an affidavit of plaintiffs' counsel stating that he informed Dairyland's claims manager via telephone on May 4 that default judgment had been entered and photocopies of correspondence between plaintiffs' counsel and representatives of the insurer indicating such knowledge. This correspondence rebuts a statement in the affidavit of the claims manager that he did not know that a lawsuit had been filed or that default judgment had been taken until he received a letter dated June 23 from plaintiffs' counsel.

██ Thus we see that the motion to set aside the default judgment was not made until approximately nine weeks after Dairyland learned of its entry. The moving party is required to show good reason for failure to take appropriate action sooner. Marquez v. Rapid Harvest Co., 99 Ariz. 363, 409 P.2d 285 (1965). Here, the only explanation offered was the foregoing statement of the claims manager as to his knowledge which the trial court apparently rejected. Under these circumstances, the trial court could have found that the "reasonable time" requirement of Rule 60(c), as amended, 16 A.R.S., had not been satisfied and therefore we cannot say the trial court abused its discretion in denying relief from the judgment. Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967). We agree with defendant that once a proper showing has been made in support of an application for relief, the exercise of a trial court's sound discretion should be guided by the policy favoring resolution of controversies on the merits. City of Phoenix v. Collar, Williams & White Engineering, Inc., 12 Ariz.App. 510, 472 P.2d 479 (1970). However, a pre-requisite to the exercise of such discretion is a *proper showing* which is lacking in the case at bench.

Order affirmed.

HATHAWAY and HOWARD, JJ., concur.