493 P.2d 131

**Clifford L. BURDICK, Appellant,**

v.

**UNIVERSITY OF ARIZONA, State of Arizona, Board of Regents of the University of Arizona, Appellees.**

**No. 2 CA–CIV 997.**

Court of Appeals of Arizona,
Division 2.

Feb. 3, 1972.

Rehearing Denied Feb. 29, 1972.

' W. Edward Morgan, Tucson, for appellant.

Gary K. Nelson, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellees.

HATHAWAY, Judge.

This appeal is from a judgment of dismissal and denial of a motion to set aside the same. The appellant, Burdick, filed a complaint on July 15, 1970, against the appellees challenging as unlawful and unauthorized the termination of appellant's pursuance of a doctoral program in geology at the University of Arizona. Appellant sought damages and an order requiring that he be permitted to proceed with this program.

Appellees, through the office of the Attorney General, filed a motion to dismiss on August 1, 1970. After a prior continuance of a hearing on the motion, a new hearing was scheduled for September 8, 1970, and reset for hearing on September 14, 1970. Through some apparent oversight the matter still appeared on the court calendar of September 8th. Counsel for neither side appeared at the time, but the Honorable Lee Garrett, presiding at the law and motion calendar, noted and granted the motion to dismiss.

Appellant received a copy of the order of dismissal on September 11, 1970. On September 14th, when the motion came on for hearing before the Honorable Lawrence Galligan, counsel for the defendant-appellees appeared, but counsel for appellant did not. Apparently Judge Galligan was not informed of the prior order of dismissal entered by Judge Garrett and entered a second order of dismissal. On October 22, 1970, judgment was entered on one or both of the orders of dismissal.

On January 14, 1971, appellant filed a motion to set aside the judgment. The motion was opposed on the basis that the lawsuit had not been diligently pursued, nor had appellant acted within a reasonable time to set aside the order of dismissal and the judgment entered thereon. Appended to the opposition were copies of correspondence between counsel setting forth some of the background problems. We set forth here Exhibit B, attached to the opposition, being a copy of a letter from appellees' counsel to appellant's counsel, because it appears to set forth the basis for the trial court's ruling:

"Dear Ed:

Yesterday I received your Quick-Note and Stipulation and Order in the above case. I prefer to answer by letter as it appears to me, by the tenor of your communication, that you feel I am pulling some sort of trick on you. This is not the case. I believe that I have given you ample opportunity to straighten out what was originally a mix-up on this case by Judge Garrett in ordering your complaint dismissed on September 8, 1970, even though the hearing on my motion to dismiss had been re-set to September 14, 1970, upon stipulation between us and order signed by the Court.

I did not know of Judge Garrett's action of September 8, 1970, when I appeared for the hearing in Judge Galligan's Court on September 14, 1970, per our stipulation. At that time, no one appeared from your office to resist my motion, nor had any written opposition been filed. I offered to call your office to find out why you weren't appearing, but Judge Galligan stated that in view of past continuances stipulated to by me and the fact that there was no written opposition to my motion in file, he would grant my motion.

Only after returning to my office after the hearing on September 14, 1970, did I hear from one of the secretaries in your office. She was calling about Judge Garrett's order and I agreed with her, after learning about it, that it was improper. She told me that, as for the hearing that morning, that the Court Administrator had not notified her of it. I told your secretary to ask you to call me and we would discuss the problem.

I waited for you to call me for over a month and I received no word from you or your office. On October 16, 1970, I proposed a written judgment of dismissal and sent a letter of transmittal to Judge Galligan. I sent a copy of both documents to you. Again, I heard nothing from you or your office. Judge Galligan, I assume, also hearing nothing from you, signed and entered the judgment on October 22, 1970.

The situation so remained until your note of November 5, 1970.

I will stipulate to setting aside the judgment of dismissal only upon the condition that you prepare and file at the time the order setting aside judgment is tendered—your written opposition to my motion to dismiss. Also, I would want you to stipulate that the matter be submitted to the Court upon filing of your opposition.

Finally, I would want the modified stipulation and order together with your opposition to be filed no later than November 13, 1970.

I am returning your form of stipulation and hopefully you will agree to the above and resubmit the documents as I have indicated and see that they are filed within the time indicated. If not, I can do no more in the matter.

> Yours sincerely,
> [Signed GARY K. NELSON
> The Attorney General, by
> John S. O'Dowd, Assistant
> Attorney General]"

The stipulation referred to in the preceding letter was sent by appellant's counsel in a letter dated November 19, 1970, with the explanation that appellant's counsel had been "tied up in District Court." The following day counsel for appellees refused to go forward with the stipulation because it did not conform to the terms of his offer to reopen the case.

Appellees' principal contention on appeal is that there is no proper showing in the record that the appellant's motion for relief under Ariz.R.Civ.P. 60(c), as amended, 16 A.R.S., was made within a reasonable time, and that affords sufficient basis for affirmance.

The record shows no action on appellant's part from the middle of November to the middle of January 1971. No excuse is given for this delay in seeking relief. We agree that the trial court would have been justified in concluding that a timely application for relief had not been made after appellant learned of the judgment. Smith v. Monroe, 15 Ariz.App. 366, 488 P.2d 1003 (1971). See also Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967); Marquez v. Rapid Harvest Co., 99 Ariz. 363, 409 P.2d 285 (1965).

The judgment is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.