NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MIGUEL T. VALENZUELA, individually, *Plaintiff/Appellant*,

*v.*

MARICOPA COUNTY, a political subdivision of the State of Arizona;
SIMON PETER JARAMILLO, *Defendants/Appellees*.

No. 1 CA-CV 14-0666
FILED 3-15-2016

Appeal from the Superior Court in Maricopa County
No. CV2012-003337
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED**

COUNSEL

Phillips Law Group, P.C., Phoenix
Timothy G. Tonkin, Kurt D. Maahas
*Co-Counsel for Plaintiff/Appellant*

Mandel Young PLC, Phoenix
By Taylor C. Young, Peter A. Silverman
*Co-Counsel for Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Ann T. Uglietta
*Counsel for Defendant/Appellee Maricopa County*

Udall Law Firm, LLP, Phoenix
By Erin E. Byrnes
*Counsel for Defendant/Appellee Jaramillo*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

---

**J O N E S**, Judge:

**¶1**      Miguel Valenzuela appeals the trial court's denial of his motion to set aside the dismissal of his lawsuit for failure to prosecute his claims against Simon Jaramillo and Jaramillo's employer, Maricopa County (collectively Jaramillo). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**      In January 2012, Valenzuela filed suit against Jaramillo for injuries suffered when his vehicle was involved in a traffic accident after Jaramillo ran a stop light. Valenzuela successfully moved to continue the matter on the trial court's dismissal calendar[1] in December 2012 and August 2013, advising that Jaramillo had been given an open extension to respond to the complaint while Valenzuela continued to receive treatment for his injuries. When Valenzuela failed to certify that the case was ready to proceed to trial or to seek further continuances by October 2013, the lawsuit was dismissed without prejudice for lack of prosecution. *See* Ariz. R. Civ. P. 38.1(f) ("A case remaining on the Dismissal Calendar for 60 days shall be dismissed without prejudice for lack of prosecution . . . unless prior to the expiration of such 60-day period . . . the court, on motion for good cause shown, orders the case to be continued on the Dismissal Calendar.").

**¶3**      Five days after the trial court entered its order of dismissal, Valenzuela filed a pleading (hereinafter, the Response) purporting to respond to an objection by Jaramillo to continuing the matter on the dismissal calendar and requesting a scheduling order. However, Jaramillo had not appeared in the action or filed any objection to the continuance.

---

[1]      The Arizona Rules of Civil Procedure were amended in 2013 to replace the term "inactive calendar" with "dismissal calendar." The terms are used interchangeably within this decision.

Although the title of the Response included the words "motion for reinstatement,"[2] Valenzuela did not request reinstatement within the body of the Response, or otherwise acknowledge the case had, by then, been dismissed. The following day, Valenzuela moved to withdraw the Response, stating counsel "mistakenly believed an objection had been filed when it had not." On November 5, 2013, the trial court entered an order stating the Response "is considered withdrawn and no further action will be taken."

¶4 Indeed, no further action was taken by Valenzuela or the trial court following the November 2013 order until April 2014, when Valenzuela filed "Plaintiff's Second Motion for Reinstatement," seeking relief pursuant to Arizona Rule of Civil Procedure 60(c). Valenzuela's counsel asserted he had been diligently prosecuting the case, albeit informally, while Valenzuela continued to receive medical treatment. The motion asserted Valenzuela's failure to timely file a request for a third continuance on the dismissal calendar was "[d]ue to changes in paralegal and staff," which resulted in the date for dismissal from the inactive calendar being "calendared inappropriately." Valenzuela's counsel characterized the resulting failure as an administrative or clerical error, which, he asserted, constituted "mistake, inadvertence, or excusable neglect" or "other reason justifying relief" sufficient to warrant setting aside the dismissal under Rule 60(c)(1) and (6). Jaramillo entered a special appearance to oppose the motion.

¶5 After considering the pleadings and hearing oral argument, the trial court denied the motion to set aside. In doing so, the court ultimately concluded Valenzuela did not act promptly because he waited to file the motion until nearly six months after the court's order advising it would take no further action.

¶6 Valenzuela filed a timely motion for new trial, which was denied. Valenzuela timely appealed, and we have jurisdiction pursuant to

---

[2]   The caption of the October 29, 2013 motion reads: "Plaintiff's Motion to Withdraw Its Response to Defendant Maricopa County's Objection to Continue on the Inactive Calendar, Motion for Reinstatement and, in the Alternative, Motion to Set and for Rule 16 Scheduling Order."

Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[3] and -2101(A)(2), (A)(5)(a).

## DISCUSSION

**¶7**        As an initial matter, Jarmillo argues we lack jurisdiction over this appeal, asserting the order dismissing for lack of prosecution in October 2013 was an appealable order affecting a substantial right pursuant to A.R.S. § 12-2101(A)(3), and Valenzuela did not file his notice of appeal within thirty days thereafter. *See* ARCAP 9(a) (requiring a notice of appeal be filed "no later than 30 days after entry of the judgment from which the appeal is taken"). However, the subsequent orders denying the motion to set aside the judgment and motion for new trial are separately appealable, and Valenzuela properly appealed those orders within thirty days of their entry. *See* A.R.S. § 12-2101(A)(2), (A)(5)(a); *M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990) ("An order denying or granting a motion to set aside a judgment under Rule 60(c) . . . is appealable as a 'special order made after final judgment.'") (citations omitted).

**¶8**        Valenzuela argues the trial court erred in determining he did not take prompt action to reinstate the case because he "acted within five days of the dismissal order to correct the error and acted again within six months of the dismissal order when his first motion had not resulted in a signed order." We review an order denying a motion to set aside under Rule 60(c), including the determination as to whether the motion was promptly filed, for an abuse of discretion. *See Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 364, ¶ 24 (App. 2015); *Old Pueblo Plastic Surgery, P.C. v. Fields*, 146 Ariz. 178, 179 (App. 1985) (noting the trial court is "in a better position in a particular case to balance the principle of finality of judgments and the principle of resolving issues on the merits") (citing *Daou v. Harris*, 139 Ariz. 353, 359 (1984), and *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983)).

**¶9**        To set aside a dismissal resulting from the failure to continue a matter on the dismissal calendar:

> [T]he litigant must first establish one or more of the grounds
> set forth in Rule 60(c). . . . If this is done, the Court should also
> consider whether (1) the parties were vigorously pursuing the

---

[3]        Absent material changes from the relevant date, we cite a statute's current version.

case, (2) steps were taken to inform the court of the case's status, and (3) substantial prejudice will inure to the moving party if the dismissal is not set aside.

*Resolution Trust Corp. v. Maricopa Cnty.*, 176 Ariz. 631, 634 (Tax Ct. 1993) (citing *Jepson v. New*, 164 Ariz. 265, 270 (1990), and *Gorman v. City of Phx.*, 152 Ariz. 179, 183 (1987)). However, whether these elements have been established is irrelevant where a litigant does not act promptly to set aside the dismissal. *See Richas v. Superior Court*, 133 Ariz. 512, 514-15 (1982) (noting an unexplained thirty-four day delay in filing a motion to set aside provided no basis under which the trial court could determine whether the elements had been established); *see also* Ariz. R. Civ. P. 60(c) (stating a motion to set aside on the grounds of mistake, inadvertence, or excusable neglect must be made "within a reasonable time . . . not more than six months after the judgment or order was entered or proceeding was taken"). "What is a 'reasonable time' within which to make the motion must depend on the circumstances of the particular case." *Marquez v. Rapid Harvest Co.*, 99 Ariz. 363, 366 (1965). The burden to explain any delay is upon the party seeking to have the order set aside, *Richas*, 133 Ariz. at 515 (citing *Marquez*, 99 Ariz. at 366), and should be supported by either affidavit or testimony, *Marquez*, 99 Ariz. at 366 (citing *Benjamin v. Dalmo Mfg. Co.*, 190 P.2d 593, 596 (Cal. 1948)).

¶10 When the trial court asked Valenzuela's counsel about the nearly six-month delay in filing the motion to set aside, he explained he had previously intended to withdraw only "portions" of the Response and had been "hopeful" the court would address the "other parts" of the motion. Counsel stated he was unaware the entirety of the Response had been ordered withdrawn and was prompted to further pursue the issue only after Valenzuela's condition stabilized and he was ready to prepare a formal settlement demand. Valenzuela's counsel also stated he needed time "to research the factual and legal issues arising out of the dismissal and need for reinstatement." Valenzuela did not support his explanation with any affidavit or testimony.

¶11 Valenzuela describes his situation as a "lack of notice," analogous to *Black v. Greer*, in which this Court affirmed the determination that a motion to set aside, filed nearly ten months after entry of dismissal, was timely where the plaintiff provided affidavits indicating he was actively engaged in settlement discussions with the opposing party and had never received the clerk's letter giving notice the case would be dismissed if no further action was taken within sixty days. 17 Ariz. App. 383, 384-85 (1972). We do not find *Black* analogous.

¶12　　　　Here, although the title of the Response includes the phrase "Motion for Reinstatement," the body of the Response does not contain any form of the word "reinstate" and does not request relief under Rule 60(c) or otherwise suggest the order of dismissal should be set aside. The two-page motion to withdraw states only that counsel mistakenly believed Jaramillo had appeared and objected to a continuance, concluding, "Accordingly, Plaintiff moves to withdraw its Response to Defendant Maricopa County's Objection to Continue on the Inactive Calendar and Motion to Set." The motion says nothing about seeking reinstatement of the case from dismissal. Moreover, the trial court's order granting Valenzuela's motion to withdraw the Response unequivocally states, "no further action will be taken." Consistent with its assertion, thereafter, the court took no further action.

¶13　　　　Valenzuela argues this order is ambiguous because it was made "pursuant to Plaintiff's motion to withdraw," which Valenzuela asserts only requested portions of the Response be withdrawn. However, Valenzuela's counsel's belief that the asserted motion for reinstatement remained pending was not a reasonable interpretation of the court's order, especially given that the motion never sought reinstatement; nor can we conclude that Valenzuela otherwise lacked notice the case had been dismissed and the Response, along with the purported first motion to reinstate, was withdrawn by the court.

¶14　　　　Although we are cognizant that any doubt should be resolved in favor of securing a trial upon the merits, *Richas*, 133 Ariz. at 514, it is ultimately within the purview of the trial court to "determine whether the explanation is sufficient to justify the granting of the relief sought." *Marquez*, 99 Ariz. at 366 (citing *Benjamin*, 190 P.2d at 596); *United Imps. & Exps., Inc. v. Superior Court*, 134 Ariz. 43, 46 (1982) ("In the absence of any *reasonable explanation* of such a delay, the trial court has no facts upon which to exercise its discretion.") (emphasis added) (citing *Richas*, 133 Ariz. at 515). The record suggests the trial court carefully considered Valenzuela's explanation and reasonably concluded Valenzuela did not meet his burden to establish he had acted promptly to reinstate his case. *See Goff v. Guyton,* 86 Ariz. 349, 352 (1959) ("[I]f two inferences may be drawn we must accept the one chosen by the trial court.") (citing *Stewart v. Schnepf*, 62 Ariz. 440, 444 (1945)). And, we are unpersuaded the asserted need to research the possible reinstatement of a case dismissed as a result of a docketing error would necessitate a six-month study in seeking that relief. *See, e.g., Richas*, 133 Ariz. at 515 ("We are unable to agree that the trial court could assume that a thirty-four day delay in filing a six-page motion is *prima facie* reasonable.").

**¶15**    Lastly, Valenzuela argues the trial court erred in even considering the promptness of his action because the November 2013 order withdrawing the Response was unsigned and therefore "did not trigger any prompt action requirement under Rule 60(c)."  In advancing this argument, Valenzuela implies he is seeking relief from the order withdrawing the Response, a position wholly inconsistent with his argument to the trial court and the nature of his request on appeal, whereby he seeks relief from the October 2013 order dismissing the case for lack of prosecution. Regardless, because Valenzuela makes this argument for the first time on appeal, we will not consider it.  *See Brenteson Wholesale, Inc. v. Ariz. Pub. Serv. Co.*, 166 Ariz. 519, 523 (App. 1990) (noting an appellant's assertion not raised with the trial court "comes too late on appeal").

**¶16**    Because Valenzuela did not act promptly in seeking to have the order of dismissal set aside, the trial court did not abuse its discretion in denying the motion to set aside.  We therefore need not address Valenzuela's arguments regarding the other elements of his claim for relief.

## CONCLUSION

**¶17**    The trial court's order denying Valenzuela's motion to set aside the order of dismissal is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama