NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

COMMONWEALTH LAND TITLE INSURANCE COMPANY[1]; FIDELITY NATIONAL TITLE INSURANCE COMPANY, *Intervenors/Appellants*,

*v.*

CENTERPOINT MECHANIC LIEN CLAIMS LLC, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 19-0521
FILED 9-22-2020

Appeal from the Superior Court in Maricopa County
Nos. CV 2008-024849
CV 2008-032460
CV 2009-036739
CV 2009-036821
CV 2009-036828
CV 2009-036861
(Consolidated)
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

---

[1]     This amended caption shall be used on all further documents filed in this appeal.

_____

COUNSEL

Jones Skelton & Hochuli PLC, Phoenix
By Robert R. Berk, Lori L. Voepel, Charles M. Callahan
*Counsel for Intervenors/Appellants*

Perkins Coie LLP, Phoenix
By Richard M. Lorenzen
*Counsel for Defendant/Appellee Centerpoint Mechanic Lien Claims, LLC*

Moyes Sellers & Hendricks, Phoenix
By Keith Hendricks, Joshua T. Greer
*Counsel for Defendant/Appellee, ML Manager LLC*

Tiffany & Bosco, Phoenix
By William M. Fischbach
*Counsel for Defendant/Appellee, Universal-SCPI, LP*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

_____

**C A M P B E L L**, Judge:

**¶1**      Commonwealth Land Title Insurance Company ("Commonwealth") appeals from the superior court's order denying its motion to set aside a judgment. For the following reasons, we affirm.

## BACKGROUND

**¶2**      In June 2012, the superior court entered judgment against Commonwealth and Fidelity National Title Insurance Company ("Fidelity") in a declaratory judgment action to determine the enforceability of a settlement agreement between participants in the development of Centerpoint Towers in Tempe. *See Fid. Nat'l Title Ins. Co. v. Centerpoint Mechanic Lien Claims, L.L.C.*, 238 Ariz. 135, 137–39 ¶¶ 3–18 (App. 2015). Fidelity appealed the judgment, but Commonwealth did not. *Id.* at 140,

¶ 19. When this Court found in Fidelity's favor on appeal, the judgment against Commonwealth remained unchanged. *Id.* at 142–43, ¶ 39.

**¶3** In November 2018, Commonwealth filed a motion to set aside the judgment, alleging relief was warranted pursuant to Arizona Rules of Civil Procedure ("Rule") 60(b)(5) and (6). The superior court denied the motion, finding it to be both without merit and untimely filed. Commonwealth timely appealed.

## DISCUSSION

**¶4** Commonwealth argues the superior court erred in denying its Rule 60(b) motion for relief from judgment. That rule provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason justifying relief.

Rule 60(b). "A motion under Rule 60(b) must be made within a reasonable time." Rule 60(c).

**¶5** "What is a 'reasonable time' within which to make the motion must depend on the circumstances of the particular case." *Marquez v. Rapid Harvest Co.*, 99 Ariz. 363, 366 (1965). The burden to explain any delay is on the party seeking to have the order set aside, and should be supported by either affidavit or testimony. *Id.* We review the superior court's determination regarding the timeliness of a Rule 60(b) motion for an abuse of discretion. *See City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985); *see also Old Pueblo Plastic Surgery, P.C. v. Fields*, 146 Ariz. 178, 179 (App. 1985) (noting the trial court is "in a better position in a particular case to balance the principle of finality of judgments and the principle of resolving issues on the merits"). "It is the general rule that the exercise of a court's discretion will not be disturbed unless it is plainly wrong." *Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 74 (1969). Ultimately, it is within the purview

of the superior court to "determine whether the explanation is sufficient to justify the granting of the relief sought." *Marquez*, 99 Ariz. at 366.

¶6 Commonwealth's motion was filed in November 2018—more than six years after the judgment was entered, more than three years after this Court rejected its initial challenge to the judgment, and more than a year after the mandate issued on Fidelity's appeal. Commonwealth nonetheless argues the motion was filed within a reasonable time because "the *effect* of the Court of Appeals' holding . . . was not known until August 30, 2018," when the superior court officially determined that Centerpoint Mechanical Lien Claims, L.L.C. ("CMLC") could not pursue other substantive claims against Fidelity after this Court vacated the judgment. Commonwealth again advances this argument on appeal.

¶7 The superior court rejected Commonwealth's explanation, concluding the August 2018 ruling was not relevant to whether relief was warranted under Rule 60(b). Importantly, the court found that even if the August 2018 ruling were relevant, Commonwealth then delayed another two months before filing its motion—"a delay that Commonwealth has failed to justify and which the Court finds to be unreasonable."

¶8 For the first time in its reply brief, Commonwealth asserts the two-month delay in filing the Rule 60(b) motion was reasonable "[g]iven the extensive motion practice in this complex case." But Commonwealth had more than three years to consider how this court's reversal of the judgment against Fidelity could affect its own position vis-à-vis CMLC, and it is not readily apparent why 60 days were necessary to draft seven pages of legal argument. Regardless, because Commonwealth makes this argument for the first time on appeal, we need not consider it. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) (explaining that absent "extraordinary circumstances," appellate courts will not consider arguments raised for the first time on appeal); *see also Brenteson Wholesale, Inc. v. Ariz. Pub. Serv. Co.*, 166 Ariz. 519, 523 (App. 1990) (noting an appellant's assertion not raised with the trial court "comes too late on appeal").

¶9 Under these circumstances, we cannot say the superior court was clearly wrong in finding Commonwealth's Rule 60(b) motion was not filed within a reasonable time. *See Richas v. Super. Court*, 133 Ariz. 512, 515 (1982) (finding an unexplained delay of five weeks to be unreasonable); *see also Hyman v. Arden-Mayfair, Inc.*, 150 Ariz. 444, 447 (App. 1986) (same for nine-week delay); *accord Smith v. Monroe*, 15 Ariz. App. 366, 367 (1971). Indeed, without an explanation, "there is no basis on which the court could

exercise its discretion to find it reasonable." *Richas*, 133 Ariz. at 515. Accordingly, we find no abuse of discretion.

## CONCLUSION

¶10    The superior court's order denying the motion to set aside is affirmed.

¶11    The parties acknowledge this matter arises out of contract and request an award of fees pursuant to A.R.S. § 12-341.01(A) (authorizing an award of attorneys' fees and costs in an action arising out of contract). In our discretion, we award Appellee, CMLC, as the prevailing party, their reasonable attorneys' fees and costs incurred on appeal upon compliance with ARCAP 21(b). Having made that award, we need not and do not address Appellees separate request for an award of fees pursuant to ARCAP 25 (authorizing the appellate court to impose sanctions against a party that pursues a frivolous appeal).



AMY M. WOOD • Clerk of the Court
FILED:    AA