IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

JOSHUA ETHAN REED, *Petitioner*.

No. 1 CA-CR 21-0065 PRPC
FILED 11-2-2021

---

Appeal from the Superior Court in Maricopa County
No. CR2015-110716-001
The Honorable Bradley H. Astrowsky, Judge

**REVIEW GRANTED; RELIEF GRANTED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

Robert J. Campos & Associates, P.L.C., Phoenix
By Robert J. Campos
*Counsel for Petitioner*

---

**OPINION**

Judge Paul J. McMurdie delivered the Court's opinion, in which Presiding
Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

**¶1**        Joshua Ethan Reed petitions this court to review the summary dismissal of his post-conviction relief petition filed under Arizona Rule of Criminal Procedure 33.1.[1] We grant review and hold that Rule 33.4 imposes no filing deadline when a defendant who pled guilty to an offense not cognizable under Arizona law petitions for post-conviction relief based on actual innocence or an illegal sentence.

## FACTS[2] AND PROCEDURAL BACKGROUND

**¶2**        In January 2015, Reed posted an advertisement on Craigslist looking for "teen girls who love receiving oral." A police investigator responded with an email posing as a 14-year-old girl, and they exchanged emails for several weeks. Police contacted Reed, and he admitted to having an online conversation with someone he believed to be a 14-year-old girl about meeting to engage in sexual acts.

**¶3**        Reed was arrested and charged with luring a minor under 15 for sexual exploitation. *See* A.R.S. § 13-3554; *State v. Moninger*, 251 Ariz. 487, 500, ¶ 49 (App. 2021) (A.R.S. § 13-3554 defines luring by reference to the defendant's actions and "allows for prosecution of a defendant who solicits sex even from a *fictitious* minor."). He eventually pled guilty to an amended charge of attempt to commit child abuse, a class 6 felony, in violation of A.R.S. §§ 13-1001 and -3623. In the plea agreement, the parties stipulated that Reed would be placed on probation for ten years.

**¶4**        The superior court suspended Reed's sentence and placed him on probation in April 2016. In August 2018, he petitioned for post-conviction relief. The superior court dismissed the petition, finding it was untimely and failed to state a claim upon which relief could be granted.

---

[1]        Effective January 1, 2020, our supreme court amended the post-conviction relief rules. The rules relating to defendants who plead guilty are now codified in Rule 33. The amended rules apply to all cases pending on the effective date unless a court determines that applying the rule or amendment would be infeasible or work an injustice. Because there were no substantive changes to the respective rules related to this opinion, we apply and cite the current rules.

[2]        We view the facts in the light most favorable to upholding the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1 n.1 (App. 2019).

In March 2020, Reed filed a successive PCR petition raising several grounds for relief, including ineffective assistance of trial and PCR counsel, involuntariness of the plea, lack of a factual basis for the plea, and an illegal sentence.[3] Once again, the court dismissed the petition as untimely. Reed then petitioned this court for review.

**¶5**        We have jurisdiction under A.R.S. §§ 13-4031 and -4239 and Arizona Rule of Criminal Procedure 33.16.

## DISCUSSION

**¶6**        This court will not disturb a superior court's ruling on a petition for post-conviction relief absent an abuse of discretion or error of law. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012); *State v. Macias*, 249 Ariz. 335, 340, ¶ 16 (App. 2020). It is the petitioner's burden to show the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). But as noted below, the State concedes the factual and legal basis for the claim we are reviewing. As a result, it has the burden to show the error was harmless. *See* Ariz. R. Crim. P. 33.13(c). We review the court's legal conclusions *de novo*. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

**¶7**        On review, the State concedes error in Reed's plea agreement—that Reed pled guilty to an offense not cognizable under Arizona law.

**¶8**        Reed pled guilty to "attempt to commit child abuse" as a class 6 felony. *See* A.R.S. §§ 13-1001, -3623. Although his plea agreement did not specify a subsection of the child abuse statute, the attempt statute states that "[a]ttempt is a . . . [c]lass 6 felony if the offense attempted is a class 5 felony." A.R.S. § 13-1001(C)(5). And for child abuse to be designated as a class 5 felony, it must be committed "recklessly." A.R.S. § 13-3623(B)(2).

---

[3]        Reed raised a constitutional challenge in his successive petition claiming he suffered an illegal sentence. He argued that the factual basis presented to the court at the change-of-plea proceeding amounted to only a misdemeanor and he was sentenced for the felony. *See Boykin v. Alabama*, 395 U.S. 238, 243, n.5 (1969) (For a plea to be voluntary, "the defendant [must possess] an understanding of the law in relation to the facts."). We reject this constitutional claim but acknowledge that he sought to raise an illegal sentence claim under Rule 33.1(c) in his petition.

**¶9**         Thus, Reed's plea presumed he attempted a reckless act. But "attempt is a specific intent crime and by definition involves *intentional* conduct." *State v. Kiles*, 175 Ariz. 358, 370 (1993). Attempt to commit a reckless act is not cognizable under Arizona law because "there is no such criminal offense as an attempt to achieve an unintended result." *State v. Adams*, 155 Ariz. 117, 120 (App. 1987) (citing *State v. Galan*, 134 Ariz. 590, 592 (App. 1982)). Thus, as the State now concedes, Reed pled guilty to an offense that is not a cognizable crime. The court, however, concluded the PCR petition was untimely.

**¶10**         Arizona Rule of Criminal Procedure 33.4 sets forth three general timing requirements for PCR petitions by defendants who pled guilty. Claims asserting a constitutional basis must be filed within 90 days of sentencing. Ariz. R. Crim. P. 33.4(b)(3)(A); *see* Ariz. R. Crim P. 33.1(a). Claims of ineffective assistance of the first PCR counsel must be filed within 30 days of the final order in the first PCR proceeding. Ariz. R. Crim. P. 33.4(b)(3)(C). Any other claim (Rule 33.1(b) through (h)), such as an illegal sentence or actual innocence, must be filed "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B).

**¶11**         The superior court did not abuse its discretion by dismissing Reed's constitutional and ineffective counsel claims as untimely. The court would have had to excuse the untimely filing of these claims if Reed showed that the untimeliness was not his fault. *See* Ariz. R. Crim. P. 33.4(b)(3)(D). As the court noted, however, Reed filed his first PCR petition more than two years late without good cause for delay, and his second PCR petition failed to address the issue.

**¶12**         Because a PCR petition for review to this court is discretionary, we do not review for fundamental error. *State v. Smith*, 184 Ariz. 456, 459 (1996). And fundamental error is not an exception to preclusion under the post-conviction relief rules. *State v. Swoopes*, 216 Ariz. 390, 403, ¶ 42 (App. 2007). We review Reed's illegal-sentence and actual-innocence claims because they are exceptions to the preclusion rule. Ariz. R. Crim. P. 33.2(b)(1). And any court "may determine by a preponderance of the evidence" if "an issue is precluded." *Id.*; *see State v. Quijada*, 246 Ariz. 356, 362, ¶ 13 n.1 (App. 2019) ("[T]his court has the discretion to apply preclusion on review[.]").

**¶13**         Claims under Rule 33.1(c) and (h) allow for relief on the grounds of an illegal sentence or actual innocence. Unlike constitutional or ineffective counsel claims, which are subject to express deadlines, claims of an illegal sentence or actual innocence need to be raised only "within a

reasonable time." Ariz. R. Crim. P. 33.4(b)(3)(B). Under this standard, as the State concedes, "nothing precludes [Reed] from seeking relief under . . . Rule 33.1(h)" at this stage for his actual innocence claim. Likewise, an illegal-sentence claim under Rule 33.1(c) needs to be raised only "within a reasonable time." Ariz. R. Crim. P. 33.4(b)(3)(B).

¶14        Under the "within a reasonable time" standard, the passage of time alone cannot preclude relief on either ground. Instead, a court considering whether such a claim is timely must consider whether the delay is reasonable, which requires consideration of, *inter alia*, the consequences of a failure to address the merits of the claim and the prejudice to the State or victim. *See, e.g.*, *Marquez v. Rapid Harvest Co.*, 99 Ariz. 363, 366 (1965) ("What is a 'reasonable time' within which to make [a] motion must depend on the circumstances of the particular case."); *Webb v. Erickson*, 134 Ariz. 182, 186–87 (1982) ("The need for finality . . . must give way in extraordinary circumstances," including "extraordinary circumstances of hardship or injustice[.]"); *Jepson v. New*, 164 Ariz. 265, 271 (1990) (applying equitable principles, a court must consider "lack of prejudice"). Applying these principles here, although Reed petitioned for relief four years after his sentencing, this court cannot ignore that Reed's conviction and sentence are illegal, and the State does not assert prejudice.

¶15        We, therefore, hold that when a defendant pleads guilty to an offense not cognizable under Arizona law, an illegal-sentence claim under Rule 33.1(c) or actual-innocence claim under Rule 33.1(h) is not time-barred if there is no evidence presented beyond the mere passage of time to suggest unreasonable delay.

¶16        The State concedes Reed is now entitled to relief under Rule 33.1(h) because "[i]f the offense [Reed] pled guilty to is not cognizable under Arizona law, then he would be actually innocent of the 'crime' to which he pled." *See also State v. Wallace*, 151 Ariz. 362, 365 (1986) (Where no facts support the elements of the crime, "conviction on a guilty plea cannot be sustained."). Reed also received a sentence for an offense that is not a crime, a sentence that "is not authorized by law." *See* Ariz. R. Crim. P. 33.1(c). Thus, Reed is entitled to relief.

**CONCLUSION**

**¶17**      We vacate Reed's conviction and set aside the plea agreement. We remand the case to the superior court for further proceedings consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:   AA