NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

KRISTI ANN COKER, *Defendant/Appellant.*

No. 1 CA-CV 25-0168

FILED 02-25-2026

Appeal from the Superior Court in Mohave County
No. S8015CR202200579
The Honorable Derek C. Carlisle, Judge

**VACATED AND REMANDED**

COUNSEL

Mohave County Attorney's Office, Kingman, AZ
By Rod Gilleo
*Counsel for Plaintiff/Appellee*

Kristi Ann Coker, Spring, TX
*Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined. Judge Perkins also delivered a separate special concurrence.

---

**P E R K I N S**, Judge:

¶1        Kristi Coker appeals from the superior court's denial of her motion seeking relief from an order forfeiting her $10,000 appearance bond. For the following reasons, we vacate the order and remand.

### FACTS AND PROCEDURAL BACKGROUND

¶2        On May 17, 2022, police officers stopped Coker for driving a vehicle that had been reported stolen. Officers found a stolen handgun and counterfeit bills in the vehicle. Coker was arrested and charged with one count of theft of means of transportation, a class 3 felony; two counts of forgery, a class 4 felony; one count of misconduct involving weapons, a class 4 felony; and one count of theft (value over $1,000), a class 6 felony.

¶3        The court set a $5,000 cash bond. Coker moved to reduce the bond amount. The State responded, requesting an increase. On June 29, the court increased the bond to $10,000. Coker appeared for a July 20 status conference remotely from jail, and the court set a final management conference on September 28, 2022.

¶4        On August 11, 2022, Coker was extradited to face separate charges in Texas. On August 23, the $10,000 cash bond was posted. On September 21, Coker's mother ("Mother") informed the court that Coker was still incarcerated in Texas. Coker did not attend the September 28 hearing, and defense counsel confirmed that Coker was incarcerated in Texas. The court issued a bench warrant for Coker's arrest.

¶5        The State filed a motion requesting that Coker forfeit the appearance bond. Coker's court-appointed attorney in the criminal case did not represent her in the bond forfeiture matter, which is a civil proceeding. Coker filed no response to the State's forfeiture motion. The court held a hearing on the bond forfeiture motion on November 28, 2022, which neither Coker nor her attorney attended. The court summarily ordered Coker to

forfeit the entire $10,000 bond, noting: "because [Coker] did not show up, the bond was already forfeited."

¶6            On May 25, 2023, Mother emailed the court, requesting that the court release the $10,000 bond to her because Coker was never released from custody and remained incarcerated in Texas. The court took no action on the email because "no motion [was] filed." Mother filed a pro per motion in August 2023, again requesting that the court release the bond to her, noting that she had paid the bond herself. The court denied the motion because "the bond receipt in the file" showed that "the bond was posted by [Coker]," meaning Mother was "not a party to this case and [had no] standing to file any pleadings."

¶7            In January 2025, Coker herself filed a pro per motion requesting that the court either reinstate the bond or release it to Mother because Coker had been "extradited to Texas to face charges that were discussed and understood by the court prior to the bond being set." Effectively, this was a motion for relief from the court's order forfeiting the bond. Although Coker claimed in her motion that she "was never notified of any discrepancies with the bond," the court denied relief because Coker "did not provide any explanation for the two-year delay in requesting" relief, and "such a delay [was] unreasonable and [did] not warrant relief." The court also noted it had already "considered [Coker's] custody status as one of the factors in determining whether to forfeit the bond." Coker timely appealed. We have jurisdiction under Arizona Revised Statutes Section 12-2101(A)(1).

¶8            While the appeal was pending, Coker was extradited from Texas back to Arizona. And the State dismissed all charges without prejudice a few months later.

¶9            Also, while the appeal was pending, the State moved to supplement the record with a receipt of the cash bond that listed Mother as the payer. The existing receipt in the record listed Coker as the payer but included Mother's driver license number. The superior court granted the motion to supplement the record.

**DISCUSSION**

¶10           Coker challenges the court's denial of her motion to reconsider the forfeiture of the $10,000 bond, arguing that she had reasonable cause for her failure to appear for the September 28, 2022 hearing because she had been extradited to Texas shortly before the hearing.

**¶11**            Under Arizona Rule of Criminal Procedure ("Criminal Rule") 7.6(c), a court may issue an order forfeiting an appearance bond if: (1) a "defendant who is released on an appearance bond fail[s] to appear for a required court appearance," (2) "the court issues a warrant for the defendant's arrest," and (3) after holding a hearing, "the court finds that the violation is not excused." A party may move for relief from an order forfeiting an appearance bond under Arizona Rule of Civil Procedure ("Civil Rule") 60(b). *State ex rel. Berger v. Marquardt*, 111 Ariz. 413, 415 (1975). We review the superior court's ruling on a Civil Rule 60(b) motion for an abuse of discretion, but we review the court's interpretation of our rules *de novo*. *Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018).

**¶12**            Civil Rule 60(b) allows a court to relieve a party from a final judgment or order for five enumerated grounds and "any other reason justifying relief." Ariz. R. Civ. P. 60(b)(6). Coker's motion did not explicitly allege any Civil Rule 60 grounds for relief. But she can obtain relief under Civil Rule 60(b)(6) if she shows (1) "extraordinary circumstances of hardship or injustice justifying relief," and (2) "a reason for setting aside the judgment other than one of the reasons set forth in the preceding five clauses of rule [60(b)]." *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 220, ¶ 15 (App. 2000).

**¶13**            A motion for relief under Civil Rule 60(b)(6) must be brought "within a reasonable time." Ariz. R. Civ. P. 60(c)(1). The amount of time that is reasonable depends on the circumstances of the case. *Marquez v. Rapid Harvest Co.*, 99 Ariz. 363, 366 (1965). The party seeking relief from an order has the burden to explain the reasonableness of the delay, *Richas v. Superior Court*, 133 Ariz. 512, 515 (1982), and should support that explanation with affidavit or testimony. *Marquez*, 99 Ariz. at 366. The superior court has discretion in determining whether the delay in filing the motion for relief was reasonable. *Hilgeman*, 196 Ariz. at 220, ¶ 15. A court abuses that discretion "when there is no evidence to support its conclusion or the reasons given by the court are clearly untenable, legally incorrect, or amount to a denial of justice." *Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231 Ariz. 236, 241, ¶ 20 (App. 2012) (cleaned up).

**¶14**            In Coker's motion for relief from the forfeiture order, she asserted that she "was never notified of any discrepancies with the bond," "followed the ordered guidelines set for the bond by the [c]ourt," and "[a]ny issues [were] unavoidable" and not her fault. A delay in moving for relief from an order may be reasonable if the movant did not receive notice of the order. *See Black v. Greer*, 17 Ariz. App. 383, 384–85 (1972) (a motion to set aside the entry of dismissal was timely because the movant never

received the clerk's letter giving notice the case would be dismissed if no further action was taken). The record evidence supports Coker's claim. Every filing in the bond forfeiture matter was mailed to Coker's home address, rather than the Texas prison where she was incarcerated.

**¶15** The court did not consider Coker's alleged lack of notice in evaluating whether the two-year delay was reasonable. Rather it found that Coker "did not provide any explanation for the two-year delay." But Coker did provide such an explanation, which the record appears to support. Thus, the court's reasons for denying her motion are "clearly untenable." *Searchtoppers.com, L.L.C.*, 231 Ariz. at 241, ¶ 20. The court abused its discretion by denying Coker's motion for relief on grounds that she did not provide any explanation for her delay. *See id.*

## CONCLUSION

**¶16** We vacate the superior court's order denying Coker's motion for relief from the forfeiture order, and remand for the court to determine in the first instance whether the motion was timely based on lack of notice, and if so, whether it succeeds on the merits.

**P E R K I N S, J.,** specially concurring:

¶17          I write separately to explain that (1) Coker's motion, if timely, should succeed on merits, and (2) the court erred by precluding Mother from participating in the bond forfeiture proceedings.

## I. Coker's motion presented meritorious grounds for relief from the forfeiture order under Civil Rule 60(b)(6).

¶18          If a "defendant who is released on an appearance bond fail[s] to appear for a required court appearance," the court may order that bond to be forfeited if it holds a hearing and finds the defendant's failure to appear was not excused. Ariz. R. Crim. P. 7.6(c)(2)–(4). The surety has the burden to show by a preponderance of the evidence that the defendant's failure to appear was excused. *State v. Bail Bonds USA*, 223 Ariz. 394, 397, ¶ 11 (App. 2010). The court has discretion in making that determination, but it may not exercise that discretion "arbitrarily," it "must be exercised reasonably, and in furtherance of governing law." *Id.* at ¶ 10.

¶19          The court's stated reason for denying Coker's motion is inconsistent with the record. After finding the motion untimely, the court noted: "Pursuant to [*State v. Old West Bonding Co.*], 203 Ariz. 468, 475 (2002), the [c]ourt considered [Coker's] custody status as one of the factors in determining whether to forfeit the bond." In other words, the court declined to consider Coker's argument that being in custody in Texas excused her absence because it had previously considered her custody status when entering the original forfeiture order. But the minute entry from the forfeiture hearing shows that the court ordered forfeiture solely because Coker "did not show up" for the hearing. Meaning, the court arbitrarily rejected Coker's argument on the basis that it had previously considered her custody status when the court's own record indicates it had not.

¶20          The court's arbitrary rationale aside, the record does not support denying Coker's motion on the merits for any reason. Coker was transferred to custody in Texas before the bond was posted—she was never "released on an appearance bond." Ariz. R. Crim. P. 7.6(c)(2). In other words, Coker could not have been "released on an appearance bond" because the posting of the bond was not the but-for cause of her release. *Compare with Bail Bonds USA*, 223 Ariz. at 398, ¶ 13 (a defendant was "released on bond" into federal custody because the defendant "would not have been released into federal custody but for the Surety's act of posting bond"). The court thus lacked discretion to order forfeiture under Criminal

Rule 7.6(c)(4). *Id.* at 397, ¶ 10 (a court's discretion must be exercised "in furtherance of governing law.").

**¶21**    The State relies on *State v. Old West Bonding Co.* to argue that Coker's custody status was not dispositive because it was only one factor for the court to consider in ordering the forfeiture. 203 Ariz. 468, 475, ¶ 26 (App. 2002) (when a defendant is absent "due to incarceration," that is merely one factor in deciding whether the absence was excused under Criminal Rule 7.4(c)(4)). But *Old West Bonding Co.* only applies to defendants who were incarcerated after being "released on bond." *Id.* Criminal Rule 7.6 confirms that distinction by only permitting the court to initiate forfeiture proceedings when a "defendant who is *released* on an appearance bond failed to appear for a required court appearance." Ariz. R. Crim. P. 7.6(c)(2) (emphasis added).

**¶22**    The court's improper order forfeiting the bond constitutes "a reason justifying relief" under Civil Rule 60(b)(6). "The primary purpose of an appearance bond is to assure a defendant's appearance at the trial or other hearings." *Bail Bonds USA*, 223 Ariz. at 397, ¶ 9. If a defendant is extradited to another state and her appearance bond is paid while she is in the other state's custody, the bond is not securing her appearance. Rather, the first state may re-obtain custody of the defendant by following the procedures set forth in the Interstate Agreement on Detainers, codified in Section 31-481. *State v. Bonds*, 201 Ariz. 203, 208, ¶ 20 (App. 2001). Because the appearance bond here served no purpose, and Coker's failure to appear at the September 28, 2022 hearing was involuntary due to her extradition to Texas, the forfeiture of the $10,000 bond was "harsh, rather than fair and equitable." *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 164 (App. 1993). Coker provided meritorious grounds for relief under Civil Rule 60(b)(6). *See id.*

## II. The court erred by precluding Mother from participating in the bond forfeiture proceedings.

**¶23**    Coker argues on appeal that the court mistakenly barred Mother from participating in the bond forfeiture proceedings due to a clerical error that listed Coker as the payer of the bond rather than Mother. The court denied Mother's motion to release the bond to her, reasoning that Mother had no standing because she did not pay the bond. Although the court's denial of Mother's motion is not before us on appeal, I note that the denial was based on a factual error.

**¶24**    There are two receipts of the bond in the record. One lists Coker as the payer of the bond, and the other lists Mother. But both receipts

list Mother's driver license number, not Coker's. And both receipts show that the bond was paid in cash. Given that Coker was in custody in Texas at the time, I cannot see how she could have paid the cash bond. Based on this record, Mother paid the bond. And so, Mother would have standing to contest the forfeiture of the bond. *See State v. Copperstate Bail Bonds*, 222 Ariz. 193, 195, ¶ 14 (App. 2009) ("[A] depositor or indemnitor does have standing to contest the forfeiture of a bond in a bond forfeiture proceeding."). If Mother were to intervene in the bond forfeiture matter, she could file her own motion for relief from the forfeiture order. And the court's erroneous denials of her earlier attempts to participate in the proceedings would likely provide a reasonable explanation for her delay in filing such a motion.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR